PIERCE, Chief Justice.
Appellant Stanley A. Headrick, appeals to this Court from an order entered by the Pinellas County Circuit Court denying his post-conviction petition for relief under CrPR 3.850, 33 F.S.A. The only question before this Court is the sufficiency of the motion on its face to warrant collateral relief without an evidentiary hearing.
On September 25, 1968, Headrick, with another, was informed against with burglarizing a store building known as Baldwin Jewelry Shop, located on North Gulf Boulevard, in Indian Rocks Beach in Pine-las County, with intent to commit grand larceny in the building. On March 7, 1969, upon trial by jury, he was found guilty of the charge aforesaid and so adjudged by the Court, and sentenced to a term of imprisonment of from six months to fifteen years. On March 10, 1969, he filed a motion for new trial, it was denied by the Court, and he filed notice of appeal to this 2nd District Court, all on the same date. On July 8, 1970, in an opinion written by the author, concurred in by Judges Hobson and Mann, this 2nd District Court affirmed the conviction, observing that Headrick made “only one contention of error, viz: that the trial Judge unduly restricted the voir dire examination of the prospective jurors by the defendants’ counsel”, which question was resolved by this Court adverse to Headrick, as had the trial Court.
*391 Thereafter, on October 9, 1970, in 240 So.2d 203, this Court again reviewed judgment of conviction upon direct appeal, and again, in an opinion written by the author hereof, concurred in by Judges Liles and McNulty, once more affirmed the judgment of conviction on the merits. The principal point there involved, and decided adversely to Headrick, both here and in the trial Court, was the propriety of admission into evidence at the trial of six different and separate extraneous burglaries under the so-called Williams Rule, (Williams v. State, Fla. 1959, 110 So.2d 654). The point involved was disposed of by this Court in the following language:
“Gauged by this standard, [the Williams rule] the challenged evidence in the case sub judice was admissible. The evidence indicated that all the burglaries were committed by the same people; that the stolen articles were mostly, if not all, colored T.V. sets; that they were all ‘warehoused’ at the same place; that all the burglaries occurred within a contemporary time limit (two in November, 1967; one in December, 1967; one in January, 1968; and two in March, 1968); that all the robberies were reasonably within the same accessible area geographically (four in Tampa; one in St. Petersburg; and one in Gainesville, Florida) ; and that the same general pattern or modus operandi existed in the extraneous burglaries as was present in the instant burglary. Thus, the test of relevancy was met because it tended to show ‘plan, scheme or design’ even though suggesting the commission of independent crimes. In other words, to again use the language of Williams ‘such testimony revealed a criminal course that the defendant was following and reflected a pattern of operation corresponding to that employed in the case then at bar’. % jjs ‡ %
Appellant Headrick not having clearly demonstrated error here in the admission of evidence as to the extraneous burglaries, and that being the only question urged, before this Court, the judgment appealed must be and is—
Affirmed.” (Emphasis ours.)
In all stages of the trial in the lower Court and all stages of the direct appeals from the conviction here Headrick was represented by eminent and experienced counsel, a former Assistant State Attorney. He had received the benefit of expert legal representation at all stages of his litigation, culminating on October 9, 1970 in this Court’s second affirmance of his conviction on the merits.
But Headrick was not prone to abdicate his litigious efforts. Discarding his faithful and learned counsel after this Court had for the second time affirmed his conviction, he, by his “own proper self and person, and pursuant to the provision and allowances of the Florida Criminal Procedure rule”, filed in the trial Court a 24 page, closely typewritten, “Motion to Vacate and Set Aside” the judgment and sentence aforesaid, assigning and alleging as ground therefor (in view of all the antecedent developments) a verbal blockbuster, namely, that he had been “mentally incompetent and legally insane during and at the time of his trial, conviction and sentence”. He contended that his current imprisonment “as a consequence of the conviction and sentence” hereinbefore mentioned were “illegal, unlawful and unconstitutional and should be vacated and set aside”. The document is a combination motion for relief and brief in support thereof.
Interestingly enough, he asserts that while he was “legally insane during and at the time of his trial, conviction and sentence”, he does not challenge his competency after sentence had been imposed, which includes the time of the two appeals to this Court, the proceedings to obtain review in the Supreme Court of Florida, and this post-conviction proceeding. Also, interestingly enough, this Court, on April 28, 1972, received from Headrick a written “waiver of right to appointment of counsel and petition for order allowing appellant to pro *392 ceed in proper person”, stating that he “wishes and desires to represent himself in this appeal”, that he does not wish or desire to be represented by counsel herein, that he “verily believes that the best interests of justice would be served by this Court entering herein an Order permitting and allowing the Appellant to proceed herein in proper person; that he is best qualified to present the issues herein on appeal”.
And, further interestingly enough, Head-rick cites and quotes extensively from 29 appellate decisions from all over the country but overlooks quoting from either of the two opinions of this Court, 237 So.2d 555 and 240 So.2d 203, affirming the conviction in his own case.
Nowhere does he enlighten us as to when his mental fog was lifted or when he became lucid and comprehending, or when he determined he was now best qualified to represent himself.
It is unnecessary to here review, or even comment upon, his rambling narrative depicting his physical and mental woes and vicissitudes over the past twenty years. Suffice to say they run the gamut of burglaries, robberies, arrests, convictions, sentences, jail breaks, “charged with twenty-seven (27) offenses in Kentucky and Tennessee”, probation, violation of probation, skipping bond, etc., etc.
Unquestionably, Headrick is an object of sympathy and not derision, and nothing herein shall be considered as pointedly facetious. But Headrick is bound by the rules of law as is everyone else, and through his long maze of legal troubles he has certainly received his legal due of judicial consideration. It is time that the legal windmill grind to a halt. Accordingly, the order appealed from is—
Affirmed.
LILES and McNULTY, JJ., concur.